UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 7

Stanley Lang Chin                                                 Case No. 18-45157-cec
*fdba* Law Office of Stanley L. Chin
*aka* Stanley Chin, Esq.,

                             Debtor(s).
-------------------------------------------------------------x
784 Cafe Inc. and John Foley,

                          Plaintiffs,            Adv. Pro. No. 18-01134-cec
      -against-

Stanley Lang Chin,

                          Defendant.
-------------------------------------------------------------x

DECISION DENYING THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

APPEARANCES

| | |
|---|---|
| Gene Wurzel Rosen, Esq. | Robert Kirby, Esq. |
| 147-10 77th Avenue | Francisco Vazquez, Esq. |
| Kew Gardens, NY 11367 | Norton Rose Fulbright US LLP |
| Counsel for Plaintiffs | 1301 Avenue of the Americas |
| | New York, NY 11019 |
| | Counsel for Defendant |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of 784 Cafe Inc. (the "Corporation") and John Foley ("Foley," and together with the Corporation, the "Plaintiffs"), unsecured creditors of Stanley Lang Chin (the "Defendant"), for summary judgment denying the Defendant a discharge pursuant to 11 U.S.C. § 727(a)(4)(A) or excepting their debt from discharge pursuant to § 523(a)(2)(A) and (a)(4), and the Defendant's cross-motion for summary judgment dismissing this adversary proceeding.[1] The Plaintiffs assert that the Defendant should be denied a discharge under § 727(a)(4)(A) because he knowingly and fraudulently testified at the meeting held pursuant to § 341(a) that he was not suspended from the practice of law. Alternatively, the Plaintiffs seek to except their debt from discharge pursuant to § 523(a)(2)(A) and (a)(4), asserting that the Defendant committed fraud and breached his fiduciary duty to the Plaintiffs by failing to inform them that he had never registered as an attorney and did not complete continuing legal education as required under New York law. The Defendant argues that the § 727(a)(4)(A) claim must be rejected because any misstatement was immaterial, and that the claims under § 523(a)(2)(A) and (a)(4) are barred by collateral estoppel. For the following reasons, the Plaintiffs' motion for summary judgment is denied, and the Defendant's motion is granted.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

---

[1] All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq. and all references to the Bankruptcy Rules are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

BACKGROUND

The facts set forth below are undisputed, except where otherwise noted.

The Defendant was admitted to practice law in the State of New York, Second Judicial Department, on June 19, 1958. (Pls.' Stmt. of Material Facts ¶ 1, ECF No. 27-3; Def.'s Stmt. of Material Facts ¶ 1, ECF No. 28-21; Def.'s Resp. to Pls.' Stmt. ¶ 1, ECF No. 29-3).[2] As of 1981, all attorneys admitted to practice law in New York State were required to register with the Office of Court Administration, and as of 1988, were required to complete continuing legal education courses. (Pls.' Stmt. of Material Facts ¶¶ 2, 4, ECF No. 27-3; Def.'s Stmt. of Material Facts ¶¶ 2, 3, ECF No. 28-21; Def.'s Resp. to Pls.' Stmt. ¶¶ 2, 4, ECF No. 29-3.) The Defendant never registered as an attorney or completed continuing legal education courses. (Pls.' Stmt. of Material Facts ¶¶ 3, 5, ECF No. 27-3; Def.'s Stmt. of Material Facts ¶¶ 2, 3, ECF No. 28-21; Def.'s Resp. to Pls.' Stmt. ¶ 3, ECF No. 29-3).

In 2011, the Defendant represented Foley and the Corporation's former owner in connection Foley's purchase of the Corporation's stock from the former owner. (Pls.' Stmt. of Material Facts ¶¶ 6, 10, ECF No. 27-3; Def.'s Resp. to Pls.' Stmt. ¶¶ 6, 10, ECF No. 29-3.) Prior to being retained by Foley, the Defendant did not inform Foley of his failure to register as an attorney or to complete continuing legal education courses. (Pls.' Stmt. of Material Facts ¶¶ 7, 8, ECF No. 27-3; Def.'s Resp. to Pls.' Stmt. ¶¶ 7, 8, ECF No. 29-3.) Foley paid the Defendant a fee of $1,000 for his services. (Pls.' Stmt. of Material Facts ¶ 13, ECF No. 27-3; Def.'s Resp. to Pls.' Stmt. ¶ 13, ECF No. 29-3.)

Foley alleges that, after he purchased the stock, he learned that the Corporation's former owner failed to collect and withhold taxes for the Corporation. (Pls.' Stmt. of Material Facts ¶¶

---

[2] All references to "ECF No." are to the docket in this adversary proceeding, Adv. Pro. No. 18-01134, unless otherwise indicated.

18, 19, ECF No. 27-3.). Foley alleges that, as a result, he ultimately became personally liable for the back taxes owed. (Pls.' Stmt. of Material Facts ¶ 19, ECF No. 27-3.) The Defendant asserts that Foley only became personally liable as part of a repayment plan Foley negotiated with respect to the outstanding taxes. (Def.'s Stmt. of Material Facts ¶¶ 18, 19, ECF No. 28-21; Def.'s Resp. to Pls.' Stmt. ¶ 18, ECF No. 29-3.)

On October 10, 2013, the Plaintiffs filed a verified complaint in New York Supreme Court, Nassau County (the "State Court") against the Defendant.[3] (Def.'s Stmt. of Material Facts ¶ 7, ECF No. 28-21; Kirby Decl. Ex. J, ECF No. 28-12.) The Plaintiffs alleged that the Defendant "defrauded Foley and the Corporation by holding himself out as being duly authorized to practice law even though [the Defendant] was not registered as an attorney," resulting in damages to the Plaintiffs. (Kirby Decl. Ex. J at ¶ 36, ECF No. 28-12.) The Plaintiffs also alleged that the Defendant's negligence and legal malpractice resulted in Foley's personal liability for the taxes owed by the Corporation. (Kirby Decl.., Ex. J at ¶ 38, ECF No. 28-12.).

In November 2013, the Plaintiffs filed a complaint against the Defendant with the disciplinary committee. (Foley Decl. Ex. D, ECF No. 27-7; Def.'s Stmt. of Material Facts ¶ 6, ECF No. 28-21.) Based upon that complaint, on April 29, 2014, the Appellate Division, First Department suspended the Defendant from the practice of law in New York effective immediately until further order of the court. (Pls.' Stmt. of Material Facts ¶ 26, ECF No. 27-3; Foley Decl., Ex. D, ECF No. 27-7; Def.'s Stmt. of Material Facts ¶ 6, ECF No. 28-21; Def.'s Resp. to Pls.' Stmt. ¶ 26, ECF No. 29-3.)

On May 14, 2018, at the conclusion of the Plaintiffs' presentation of evidence and on the Defendant's motion for a directed verdict, the State Court dismissed the Plaintiffs' claim of fraud

---

[3] The complaint also asserted claims against other defendants, including the Corporation's former owner.

against the Defendant. (Kirby Decl., Ex. E at 472:24-25, ECF No. 28-7.) Three days later, on May 17, 2018, the jury determined that the Defendant was acting as an attorney in connection with Foley's purchase of the Corporation, and that the Defendant's negligence was a substantial factor in causing the Plaintiffs' damages in the total amount of $142,226.02.[4] (Pls.' Stmt. of Material Facts ¶¶ 20-22, ECF No. 27-3; Foley Decl. Ex E at 622-624, ECF No. 27-8; Kirby Decl., Ex. E at 622-624, ECF No. 28-7; Def.'s Resp. to Pls.' Stmt. ¶¶ 20-22, ECF No. 29-3.) On June 1, 2018, the State Court entered a judgment against the Defendant in the amount of $143,566.02, which was comprised of the jury award and the Plaintiffs' costs and disbursements. (Foley Decl. Ex F, ECF No. 27-9; Kirby Decl. Ex. N, ECF No. 28-16.)

On September 7, 2018, the Defendant filed a pro se voluntary petition under chapter 7 of the Bankruptcy Code. (Pls.' Stmt. of Material Facts ¶ 24, ECF No. 27-3; Def.'s Stmt. of Material Facts ¶ 25, ECF No. 28-21; Def.'s Resp. to Pls.' Stmt. ¶ 24, ECF No. 29-3.) The Defendant attended the meeting of creditors held pursuant to § 341(a) on October 10, 2018. (Def.'s Stmt. of Material Facts ¶ 26, ECF No. 28-21.) The Defendant testified that he is "a retired lawyer," and stopped practicing law 15 years prior, and that he had not been suspended. (Pls.' Stmt. of Material Facts ¶ 27, ECF No. 27-3; Foley Decl. Ex. G at 4-5, 11, ECF No. 27-10; Def.'s Stmt. of Material Facts ¶ 27, ECF No. 28-21; Kirby Decl. Ex. Q at 2-3, ECF No. 28-19.) When further questioned on the issue, the Defendant testified that he did not remember if he was suspended. (Foley Decl. Ex. G at 12, ECF No. 27-10; Def.'s Stmt. of Material Facts ¶ 28, ECF No. 28-21; Kirby Decl. Ex. Q at 8, ECF No. 28-19).

---

[4] That amount is comprised of New York State sales tax of $119,930.47, New York State withholding tax of $957.22, federal withholding tax of $14,588.33, accountant's fees of $5,000, legal fees paid to the Defendant of $1,000, and legal fees paid to Plaintiffs' counsel of $750. (Foley Decl. Ex E at 622-624, ECF No. 27-8; Kirby Decl., Ex. E at 623-624, ECF No. 28-7.)

On November 12, 2018, approximately one month after the § 341(a) meeting was held, the trustee filed a no asset report.

On December 10, 2018, the Plaintiffs commenced this action. On January 27, 2020, the parties filed these motions for summary judgment, which were heard on March 26, 2020.[5]

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling upon a summary judgment motion, the Court's job is not to resolve disputed issues of fact, but to determine whether a genuine issue of fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). "When viewing the evidence, the court must 'assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in [the non-movant's] favor.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). "The nonmoving party must show that there is more than a metaphysical doubt regarding a material fact and may not rely solely on self-serving conclusory statements." Rosenman & Colin LLP v. Jarrell (In re Jarrell), 251 B.R. 448, 450–51 (Bankr. S.D.N.Y. 2000) (citations omitted).

## DISCUSSION

I.     11 U.S.C. § 727(a)(4)(A)

The Plaintiffs seek to deny the Defendant a discharge under § 727(a)(4)(A), asserting that the Defendant knowingly and fraudulently testified at the § 341 meeting that he was not suspended from the practice of law. The Defendant asserts that he was confused and argues that

---

[5] The transcript of the March 26, 2020 hearing is cited to herein at "Tr."

he also testified that he did not remember if he was suspended. The Defendant further argues that, in any event, the misstatement is immaterial, and therefore does not constitute grounds to deny a discharge under § 727(a)(4)(A).

Denial of discharge is an extreme penalty, and therefore § 727 must be construed strictly against the objector and liberally in favor of the debtor. State Bank of India v. Chalasani (In re Chalasani), 92 F.3d 1300, 1310 (2d Cir. 1996). Courts must exercise even greater caution when considering denial of discharge sought by motion for summary judgment. Desiderio v. Devani (In re Devani), 556 B.R. 37, 41 (Bankr. E.D.N.Y. 2016). A discharge in bankruptcy is a privilege, not a right, and is reserved only for the honest but unfortunate debtor. Grogan v. Garner, 498 U.S. 279, 286-87 (1991).

Under § 727(a)(4)(A), the court must grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To deny a debtor a discharge under § 727(a)(4)(A), the plaintiff must establish that: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." Dubrowsky v. Estate of Perlbinder (In re Dubrowsky), 244 B.R. 560, 572 (E.D.N.Y. 2000). Statements under oath include statements in documents filed with the bankruptcy court which are made under penalty of perjury, such as the bankruptcy schedules and statement of financial affairs, as well as oral statements made by a debtor during examinations under oath, such as testimony during the meeting of creditors held pursuant to § 341(a). Moreo v. Rossi (In re Moreo), 437 B.R. 40, 61 (E.D.N.Y. 2010) (citing In re Steinberg, 143 F.2d 942, 942-43 (2d Cir. 1944)).

The burden is on the plaintiff to prove each element by a preponderance of the evidence. Beer Sheva Realty Corp. v. Pongvitayapanu (In re Pongvitayapanu), 487 B.R. 130, 139 (Bankr. E.D.N.Y. 2013). Once a plaintiff produces evidence of a false statement, the burden shifts to the debtor to provide a credible explanation. Micro Connections, Inc. v. Shah (In re Shah), 388 B.R. 23, 37 (Bankr. E.D.N.Y. 2008). If the debtor fails to provide evidence that the false statement was unintentional, or to provide a credible explanation, a court may infer fraudulent intent. Pergament v. DeRise (In re DeRise), 394 B.R. 677, 691 (Bankr. E.D.N.Y. 2008).

It appears that the Defendant falsely testified at the meeting of creditors held under § 341 that he was not suspended from the practice of law. However, even if the Defendant knowingly and fraudulently testified that he was not suspended, the Plaintiffs' claim under § 727(a)(4)(A) must fail because whether the Defendant was suspended from the practice law or voluntarily retired is immaterial to this bankruptcy case, and does not warrant a denial of discharge under § 727(a)(4)(A). "Materiality depends on whether the information is pertinent 'to the debtor's business transactions, or if it concerns the discovery of assets, business dealings, or the existence or disposition of the debtor's property.'" Gordon v. Tese-Milner (In re Gordon), 535 B.R. 531, 538 (S.D.N.Y. 2015) (quoting Pereira v. Gardner (In re Gardner), 384 B.R. 654, 667 (Bankr. S.D.N.Y. 2008)). "Omissions that do not affect the value of the estate may nevertheless be material if they hinder the trustee's or creditor's ability to investigate the debtor's pre-bankruptcy dealings and financial condition, even if such an investigation would not have benefited creditors." Id. "It is well settled in the Second Circuit that '[m]ateriality does not require a showing that the creditors were prejudiced by the false statement.'" Id. (quoting Carlucci & Legum v. Murray (In re Murray), 249 B.R. 223, 229 (E.D.N.Y. 2000)).

There is no question that a debtor is obligated to fully disclose all assets and liabilities and to truthfully testify at the meeting of creditors held under § 341, and is not permitted to knowingly lie, or fail to disclose, when he deems the matter immaterial. See, e.g., Gordon, 535 B.R. at 538 ("Debtors are not permitted to pick and choose what information is worth disclosing because this 'would create an end-run around [the] strictly crafted system' of bankruptcy administration." (alteration in original) (quoting Siegel v. Weldon (In re Weldon), 184 B.R. 710, 715 (Bankr. D.S.C. 1995)); Murray, 249 B.R. at 232 ("Allowing debtors the discretion to not report exempt or worthless property usurps the role of the trustee, creditors, and the court by denying them the opportunity to review the factual and legal basis of debtors' claims. It also permits dishonest debtors to shield questionable claims concerning an asset's value and status as an exemption from scrutiny." (quoting Bensenville Cmty. Ctr. Union v. Bailey (In re Bailey), 147 B.R. 157, 163 (Bankr. N.D. Ill. 1992)); Pongvitayapanu, 487 B.R. at 140 ("Debtors are not permitted to omit information based on their assessment of its value or lack thereof.").

In this case, and as conceded by the Plaintiffs' counsel at the hearing on these motions, whether the Defendant was suspended from the practice of law or whether he voluntarily retired is irrelevant to his business transactions or dealings, or to the disposition or discovery of assets. (Tr. at 7:16, ECF No. 30.) There is no allegation that the Defendant made false oaths or misstatements with respect to his assets, income, business dealings, or other finances. Rather, the Plaintiffs argue that the materiality of the false statement or omission "relates to the underlying claim within which [the Defendants] is seeking a discharge."[6] (Tr. at 7:16-18, ECF No. 30.) However, the legal standard under § 727(a)(4)(A) is not whether the Defendant knowingly and fraudulently made a false statement or omission that gave rise to the Plaintiffs' claim. The

---

[6] The Plaintiffs did not address the materiality element in their motion, nor did they file opposition to the Defendant's motion. This argument was raised for the first time at the hearing on these motions.

8

Defendant's statement that he was not suspended is immaterial, and the Plaintiffs have not raised a genuine question of material fact with respect to the materiality of any false testimony, and therefore summary judgment on the Plaintiffs' claim under § 727(a)(4)(A) must be granted in favor of the Defendant.

II.     11 U.S.C. § 523(a)(2)(A) and (a)(4)

The Plaintiffs seek to except their debt from discharge pursuant to § 523(a)(2)(A) arguing that "[b]y holding himself out as an attorney in good standing and concealing his failure ever to register or take continuing education courses, Defendant fraudulently induced Foley to retain his services and pay him a legal fee." (Pls.' Mem. of Law in Supp. at 8, ECF No. 27-3.)  The Plaintiffs argue that Foley would not have hired the Defendant to represent him in the purchase of the Corporations' stock had he known this information.  The Plaintiffs also argue that their debt is excepted from discharge under § 523(a)(4) because the Defendant owed Foley a fiduciary duty as his attorney and fraudulently failed to disclose that information.  (Pls.' Mem. of Law in Supp. at 10, ECF No. 27-3.)  The Defendant argues that the Plaintiffs' fraud claim was rejected on the merits in the State Court, and because the Plaintiffs' claims under § 523(a)(2)(A) and (a)(4) require a showing of fraud, these claims are barred by collateral estoppel.

Section 523(a)(2)(A) excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).  "The use of the disjunctive 'or' evidences that Congress intended to deny a discharge under any one of the three types of mischief referred to." Farraj v. Soliz (In re Soliz), 201 B.R. 363, 369 (Bankr. S.D.N.Y. 1996).  The plaintiff has the

9

burden of proving each relevant element by a preponderance of the evidence. Grogan, 498 U.S. at 291.

To except a debt under § 523(a)(2)(A) as one obtained under false pretenses, a plaintiff must establish "(1) an implied misrepresentation or conduct by the defendant[]; (2) promoted knowingly and willingly by the defendant[]; (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiffs; (4) which wrongfully induced the plaintiffs to advance money, property, or credit to the defendant." Voyatzoglou v. Hambley (In re Hambley), 329 B.R. 382, 396 (Bankr. E.D.N.Y. 2005). "[O]missions or a failure to disclose on the part of the debtor can constitute misrepresentations for purposes of nondischargeability where circumstances of the case are such that omissions or failure to disclose create a false impression which is known by the debtor." Soliz, 201 B.R. at 369. By the same token, actual fraud requires a showing of "(1) a misrepresentation, (2) fraudulent intent, or scienter, (3) intent to induce reliance, (4) justifiable reliance, and (5) damage." Lubit v. Chase (In re Chase), 372 B.R. 125, 130 (Bankr. S.D.N.Y. 2007).

Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). To succeed on this claim, a plaintiff must satisfy three elements: "(1) an express [or technical] trust existed; (2) the debt was caused by fraud or defalcation (3) the debtor acted as a fiduciary to the [plaintiff] at the time the debt was created." Palisades Tickets, Inc. v. Daffner (In re Daffner), 612 B.R. 630, 651 (Bankr. E.D.N.Y. 2020) (alterations in original) (quoting Chitester v. Watterson (In re Watterson), 524 B.R. 445, 451 (Bankr. E.D.N.Y. 2015)).

The Plaintiffs' claims under § 523(a)(2)(A) and (a)(4) are barred by collateral estoppel. By enacting the Full Faith and Credit Clause, 28 U.S.C. § 1738, "Congress has specifically

10

required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980); 28 U.S.C. § 1738 ("[J]udicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . ."). "Bankruptcy proceedings may not be used to re-litigate issues already resolved in a court of competent jurisdiction." Kelleran v. Andrijevic, 825 F.2d 692, 695 (2d Cir. 1987).

"In New York, collateral estoppel prevents a party from relitigating an issue that was decided in an earlier proceeding where the party against whom preclusion is to be applied had a full and fair opportunity to litigate the issue." Vyshedsky v. Soliman (In re Soliman), 515 B.R. 179, 185 (Bankr. S.D.N.Y. 2014). "The doctrine promotes important goals: it allows a party only one opportunity to litigate an issue thereby conserving the time and resources of the parties and the court; promotes the finality of judgments; preserves the integrity of the judicial system by eliminating inconsistent results; and ensures that a party not be able to relitigate issues already decided against it in prior litigation." Johnson v. Watkins, 101 F.3d 792, 795 (2d Cir. 1996) (citing cases).

The Defendant argues that the State Court had ruled that he did not defraud the Plaintiffs because he was, in fact, admitted to practice law in New York at the time Foley purchased the Corporation's stock. The record on this motion establishes that the Plaintiffs' claim that the Defendant fraudulently induced Foley to hire him or fraudulently concealed that he failed to register as an attorney and complete continuing education courses, or that he was retained under the false pretense that he was an attorney in good standing, was fully and fairly litigated by the Plaintiff in State Court. (Kirby Decl. Ex. E, 472:21-25, ECF No. 28-7.) The following is an

11

excerpt from the transcript of the May 14, 2018 hearing in the State Court, after the close of the Plaintiffs' evidence at trial:

> THE COURT:  There are two causes of action I think pled against the defendant, one for fraud, one for legal malpractice; is that correct?
> MR. ROSEN:  Yes, your Honor.
> THE COURT:  If I understand the evidence and theory you proceeded on, Mr. Rosen, it is your contention that the defendant's failure to register as an attorney when such registration was required by statute or by rule in 1981 automatically rendered him unable to practice law; is that correct?
> MR. ROSEN:  Yes, your Honor.
> THE COURT:  And admittedly the suspension, the individual suspension which occurred for this defendant occurred after this transaction was consummated; is that correct?
> MR. ROSEN:  Yes.
> THE COURT:  I submit to your attention, I'll ask you to comment on the entry in 7 New York Jurisprudence 2nd . . . regarding failure to register as an attorney and it goes -- it cites various cases but in support of what I think is the seminal entry here.  It says, ["]An attorney[, ][duly] admitted to practice in New York[,] does not[,] by failing to register and pay the fee required by the Judiciary Law[,] automatically lose the right to practice.["] Stated differently noncompliance with the registration requirements does not result in automatic disbarment or suspension but is rather to be referred to appropriate Appellate Division of the Supreme court for disciplinary action. What is your reaction to that?
> MR. ROSEN:  This is an extraordinary case. This is a case of someone who has not registered for over 30 years.  Typically, if someone misses their registration, if they pay it late, practically speaking, it's not an issue.  Nobody suspended them. They are not disbarred or they are not disciplined. There are mass suspensions that take place several months after attorneys['] failure to register. Over 30 years is unheard of.  That is one of the reasons we brought in an expert witness, former chair of the Ethics commission, to testify in this case and to provide clarity.  Judge Murphy ruled and denied summary judgment.
> There was an issue as to whether or not the defendant was authorized to practice law at the time of the transaction.  And we received testimony from the expert witness as his opinion as an expert on

12

>           ethics, the defendant was not authorized to practice law 30 years
>           later when he presided over the legal aspect of this transaction.

(Kirby Decl. Ex. E, 463:24-465:24, ECF No. 28-7.)

The State Court rejected the Plaintiffs' arguments, finding that "the [D]efendant was concededly admitted to the practice of law on the date this transaction occurred. Regardless of the egregious nature of his failure to register or pay the fees, nonetheless, it appears to me that the case law supports the proposition that he was still admitted on the day that this transaction occurred, and, therefore, able to practice law within the State of New York." (Kirby Decl. Ex. E, 466:19-467:2, ECF No. 28-7.)

The Plaintiffs further argued that, pursuant to New York Judiciary Law §§ 468A and 478, together with public policy concerns and the rules of ethics, the Defendant should not be deemed authorized to practice law as of the date of the transaction. (Kirby Decl. Ex. E at 468:10-11, 20; 470:4-5, 11-13, ECF No. 28-7.) The Plaintiffs further argued that, even if the Defendant was an attorney admitted to practice law, "there still should be a viable cause of action by fraud," from the Defendant's conduct of "[h]olding himself out as an attorney, which he did on letterhead, various documents during the course of the transaction, is implicit that the [D]efendant was in compliance with the law, in compliance with all of his attorney regulation requirements, . . . continuing legal education, attorney registration, being knowledgeable in the law and being competent in the area of practice and what he is practicing and he was not." (Kirby Decl. Ex. E, 470:14-470:24, ECF No. 28-7.) This theory was also rejected by the State Court, which granted the Defendant's motion to dismiss notwithstanding this argument. (Kirby Decl. Ex. E, 472:21-25, ECF No. 28-7.)

It is clear that the Plaintiffs' claims under § 523(a)(2)(A) and (a)(4), which are grounded on the allegations that the Defendant fraudulently induced Foley to hire him by failing to

13

disclose that he was not authorized to practice law, or by failing to disclose that he was not registered as an attorney and did not satisfy mandatory continuing education requirements, are barred by collateral estoppel. Those issues were fully and fairly litigated by the parties in State Court. It must be noted that, though the Plaintiffs appealed an aspect of the ultimate verdict, they did not appeal the State Court's dismissal of the fraud claim. (Kirby Decl. Ex O ("The issue on appeal is whether or not the Supreme Court should have permitted the jury to decide Plaintiffs' claim for punitive damages."), ECF No. 28-17.)

At the hearing on these motions, the Plaintiffs argued that the fraud claim was not necessarily dismissed on the merits, but rather "the State Court judge felt that the claim was more properly asserted as a malpractice claim," and, based upon an off the record discussion between Plaintiffs' counsel, the Defendant, and the State Court judge, it was Plaintiffs' understanding that the fraud claim was dismissed only because it was duplicative of the malpractice claim, and not because it lacked merit. (Tr. at 10:7-8; 14:10-14; 15:4-7, ECF No. 30.) That unsupported argument is completely at odds with the State Court's ruling dismissing the fraud claim for failing to establish a prima facie case. (Kirby Decl. Ex E. at 472:21-25, ECF No. 28-7.) The Plaintiffs have failed to raise a genuine issue of material fact with respect to whether collateral estoppel applies to bar the Plaintiffs' claims that the Defendant fraudulently, or under false pretenses, induced Foley to hire him, or otherwise defrauded the Plaintiffs. Therefore, summary judgment with respect to the Plaintiffs' claims under § 523(a)(2)(A) and (a)(4) must be entered in favor of the Defendant.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion for summary judgment is denied, and the Defendant's motion for summary judgment is granted. A separate order will issue.



**Dated: Brooklyn, New York**
**July 7, 2020**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**